IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC CRAFT, | ) | |
|     Petitioner, | ) | Civil Action No. 7:19CV00317 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRECKON, Warden, | ) | By: Norman K. Moon |
|     Respondent. | ) | Senior United States District Judge |

Eric Craft, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his conviction and sentence imposed by the United States District Court for the Middle District of Pennsylvania in 2003. Respondent has moved to dismiss the petition in its entirety, arguing that this court lacks jurisdiction over it (Dkt. No. 6). Craft was given notice of his opportunity to respond, but he failed to do so.

For the reasons discussed in this opinion, I conclude that jurisdiction is lacking over Craft's § 2241 petition. I will therefore dismiss it without prejudice.

## I. BACKGROUND

Craft pled guilty to a violation of 18 U.S.C. § 924(j), the offense of causing the death of a person through the use of a firearm, and was sentenced to a 480-month term of imprisonment on May 8, 2003. *United States v. Craft*, No. 1:02-cr-00011-MWB-1, Dkt. Nos. 67, 94. He appealed, but his conviction and sentence were affirmed on appeal. *Id.*, Dkt. Nos. 112, 113. The Supreme Court denied his petition for writ of certiorari. *Id.*, Dkt. No. 115. Since that denial, Craft has filed a large number of post-conviction motions, including an initial § 2255 motion in the court in which he was convicted, which was denied. (Dkt. No. 144.)

In his motion to dismiss, Respondent noted that Craft was "presenting litigating an untitled action in his district of conviction," in which he "asserts a similar argument to the one he advanced in his 2015 § 2241 claim and that he now asserts before this Court." (Mot. Dismiss 3,

Dkt. No. 6.) The court of conviction denied Craft's motion in December 2019. In doing so, it described Craft's efforts subsequent to his first § 2255 as "a quixotic fifteen-year question to invalidate his guilty plea and concomitant criminal judgment. . . . [T]hat effort has involved no fewer than: twenty-five putative § 2255 motions; two motions to amend or reopen earlier § 2255 motions; twenty-four Fed. R. Civ. P. 60(b) motions to alter or amend the judgment; five 28 U.S.C. § 2241 petitions; five motions for declaratory relief; eight motions to dismiss the indictment and/or criminal information; three motions to withdraw the guilty plea; two motions to strike a purportedly void judgment; three motions to vacate the judgment based on alleged constitutional violations; two petitions for a writ of habeas corpus *ad subjiciendum*; a motion to suppress statements; a motion for a hearing on jurisdiction and venue; and a "petition of grievances." *Craft*, No. 1:02-cr-00011-MWB, Dkt. No. 490, at 1–2 (W.D. Pa. Dec. 17, 2019) (internal citations omitted).

The details of Craft's various other filings are not relevant to my ruling on his petition, and so I do not discuss them further except to note that his repeated challenges to his conviction and sentence have been unsuccessful. His petition here fares no better.

## II. DISCUSSION

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

Section 2255 is inadequate or ineffective to test the legality of a conviction when:

1. At the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prison was convicted is deemed not to be criminal; and

3. The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.[1]

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

In *United States v. Wheeler*, 866 F.3d 415 (4th Cir. 2018), the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied:

1. At the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

3. The prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

4. Due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429; *see also Lester*, 909 F.3d at 712 (applying *Wheeler*). The requirements of the savings clause are jurisdictional. Thus, a § 2241 petitioner relying on the savings clause to

---

[1] The gatekeeping provisions of § 2255(h) require a prisoner, before filing a "second or successive" § 2255 motion, to receive permission from the court of appeals by showing either "newly discovered evidence" proving he was not guilty of his offense, or that a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court entitles him to relief. *Lester*, 909 F.3d at 710–11 (citing 28 U.S.C. § 2255(h)(1)–(2)).

challenge his sentence must meet the *Wheeler* test for the district court to have jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 423–26.

When addressing a § 2241 petition brought pursuant to the savings clause, courts should apply the procedural law of the circuit where the petition is brought and the substantive law of the circuit of conviction. *Hahn v. Moseley*, 931 F.3d 295, 300–01 (4th Cir. 2019). *Hahn* did not involve a *Wheeler* claim challenging a sentence. And, as to *Wheeler*-type claims, the Fourth Circuit stated—shortly before *Hahn*—that it had "not definitively resolved whether a petitioner sentenced out of circuit must show that his sentence is illegal under the sentencing circuit's law or, [instead,] our circuit's law." *Moss v. Atkinson*, 767 F. App'x 466, 468, n.* (4th Cir. 2019) (addressing a *Wheeler*-type § 2241 petition), *cert. denied*, No. 19-683, 2020 WL 411695 (U.S. Jan. 27, 2020). In *Moss*, the parties agreed that the court should apply the substantive law of the Eleventh Circuit, where the petitioner was convicted. *Id.* Doing so, the *Moss* Court concluded that the petitioner could not satisfy the second *Wheeler* requirement because his sentence was still legal under Eleventh Circuit law. *Id.* at 467–68.

Absent a contrary directive from the Fourth Circuit, I will continue to apply the general choice-of-law rule for § 2241s as set forth in *Hahn* and prior cases. In examining Craft's claims, then, I apply the procedural law of the Fourth Circuit law and the substantive law of the Third Circuit, where Craft was convicted. Accordingly, the determination of whether Craft is entitled to proceed under § 2241 is governed by the Fourth Circuit's tests as set forth above. To satisfy the *Jones* or *Wheeler* requirements, however, Craft must rely on changed Supreme Court law or Third Circuit law. *Cf. Hahn*, 931 F.3d at 300–01; *Moss*, 767 F. App'x at 467–68.

In Craft's petition in this case, he cites to a number of cases in his arguments, but specifies that he is relying only on three for relief under the savings clause: *United States v.*

*Bousley*, 523 U.S. 614 (1998), *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*), and *Wheeler*, 886 F.3d 415. (Pet. 7, Dkt. No. 1.) None of these cases changed the substantive law applicable to Craft for the reasons explained by Respondent in its motion to dismiss.

In short, *Bousley* was decided in 1998, years *before* Craft was convicted. It does not provide a basis for relief, then, because to qualify under *Jones* or *Wheeler*, the change must have occurred *after* the petitioner's direct appeal and first § 2255. *Simmons* is a decision of the Fourth Circuit and, pursuant to the choice-of-law principles set forth above, is not applicable to a petitioner convicted in the Third Circuit, like Craft. Lastly, *Wheeler* did not change the substantive law applicable to Craft's conviction or sentence. Instead, it set forth a procedural rule, extending the potential reach of the savings clause to include certain challenges to a petitioner's sentence. *See Wheeler*, 886 F.3d at 428–29.

Accordingly, Craft has not identified any change to the applicable substantive law entitling him to proceed under the savings clause of § 2255(e). Because Craft cannot satisfy the test of *Wheeler* or *Jones*, jurisdiction over his petition is lacking.

### III. CONCLUSION

Having found that Craft does not satisfy the *Wheeler* or *Jones* tests for seeking relief under the savings cause clause of § 2255(e), I conclude that he cannot proceed under § 2241. Accordingly, I will dismiss his petition without prejudice for lack of jurisdiction.

An appropriate order will be entered.

**ENTER**: This 17th day of March, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE